

ATTORNEYS AT LAW

90 PARK AVENUE
NEW YORK, NY  10016-1314
212.682.7474 TEL
212.687.2329 FAX
WWW.FOLEY.COM

WRITER'S DIRECT LINE
212.338.3401
pwang@foley.com EMAIL

June 26, 2020

**VIA ECF**
The Honorable Jesse M. Furman
United States District Judge
United States District Court
Southern District of New York
40 Centre Street, Room 2202
New York, NY 10007

    Re: *Bravia Capital Partners, Inc. v. Hong Kong Bohai Leasing Asset Management Corp. Limited, et al.*, Case No. 1:20-cv-02543 (JMF)

Dear Judge Furman:

  In the age of the coronavirus crisis, it can sometimes feel like time is standing still when in reality the months are whizzing past us at warp speed.  Yet the Defendants seem content believing that time in fact froze solid sometime in March, around when this action was filed.  They have stalled discovery, refusing even to hold a Rule 26(f) conference.[1]  I write now to bring the Defendants' clear violation of Rule 26(f) to the Court's attention.

  We represent Bravia Capital Partners, Inc. ("**Bravia**"), which filed its complaint in this lawsuit on March 24, 2020.  The complaint seeks to hold Defendants accountable for breaches of contracts between the parties.  Defendants moved to dismiss the complaint (their motion was filed on May 29, 2020), and Bravia filed its opposition on June 19, 2020.  Defendants' reply is due on June 26, 2020.  At no time did the Court stay discovery in this case, nor have Defendants moved the Court for such relief.

  Despite the absence of any stay, Defendants refuse to join Bravia in taking the first steps needed to commence discovery under the Federal Rules of Civil Procedure.  On June 24, 2020, counsel for Defendants advised Bravia's counsel that they would not agree to confer pursuant to Rule 26(f) because they believe discovery is "premature" in light of their pending motion.  They also appear to believe that, since the Court adjourned the initial status conference originally scheduled for June 30, 2020 (ECF No. 18), there is no present need to have a Rule 26(f) conference.

  Defendants' are mistaken on both points.  *First*, the filing of a motion to dismiss does not automatically stay discovery.  *Kirschner v. J.P. Morgan Chase Bank, N.A.*, No. 17CIV6334PGGSLC, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020); *Mirra v. Jordan*, No.

---

[1] As Defendants must surely be aware, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f). . . ."  Fed. R. Civ. P. 26(d)(1).

| | | | | |
|---|---|---|---|---|
| AUSTIN | DETROIT | MEXICO CITY | SACRAMENTO | TAMPA |
| BOSTON | HOUSTON | MIAMI | SAN DIEGO | WASHINGTON, D.C. |
| CHICAGO | JACKSONVILLE | MILWAUKEE | SAN FRANCISCO | BRUSSELS |
| DALLAS | LOS ANGELES | NEW YORK | SILICON VALLEY | TOKYO |
| DENVER | MADISON | ORLANDO | TALLAHASSEE | |

4826-2684-8449.1



June 26, 2020
Page 2

15CV4100ATKNF, 2016 WL 889559, at *2 (S.D.N.Y. Mar. 1, 2016). And while Defendants certainly could have requested a stay pursuant to Rule 26(c), they have not done so. *Second*, Defendants' foot-dragging violates the plain text of Rule 26(f), which requires the parties to confer "as soon as practicable" after the commencement of a litigation. Fed. R. Civ. P. 26(f)(1). Though the rule *also* states that the parties must confer at least twenty-one days prior to the initial status conference, this is merely an outer bound. It does not license Defendants to impede discovery by holding out on meeting until the eleventh hour. *See AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018) (granting motion compelling defendants to participate in a Rule 26(f) conference, even though a motion to dismiss was pending and the court had not yet scheduled an initial status conference).

In light of Defendants' refusal to engage in discovery, Bravia respectfully requests the Court to enter an order confirming what Rule 26(f) plainly requires: that Defendants must confer with Bravia "as soon as practicable."[2] In the alternative, Bravia respectfully requests that the Court schedule a conference to address this discovery dispute.

Pursuant to Rule 2., C. of Your Honor's Individual Rules and Practices in Civil Cases, I represent that, on June 23, 2020, and on June 24, 2020, an associate from my firm, Benjamin I. Bassoff, spoke with Defendants' counsel of record, Kimberly A. Havlin, about scheduling a Rule 26(f) conference, and that Ms. Havlin declined to do so.

Very truly yours,

*/s/ Peter N. Wang*

Peter N. Wang

cc: Counsel of Record

Application DENIED without prejudice to renewal. The parties should meet and confer after the motion is fully briefed and, if agreement cannot be reached on whether and to what extent discovery should proceed, Plaintiff may renew its motion. The Clerk of Court is directed to terminate ECF No. 20. SO ORDERED.

*[signature]*

June 26, 2020

---

[2] To be clear, though Bravia has styled this letter as a "letter-motion" pursuant to Your Honor's rules, Bravia carries no burden here. It does not need to disprove the existence of, or necessity for, a stay in discovery when Defendants' have not moved for a stay, and the Court has not otherwise ordered one.

4826-2684-8449.1